GREGORY A. BROWER
United States Attorney
DANIEL R. SCHIESS
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-5087

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

*-oOo-*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff ) ) vs. ) ) DONALD MC GHAN, ) ) Defendant. ) | 2:09-cr-00199-PMP-PAL |

**RECOMMENDATION OF THE UNITED STATES REGARDING RESTITUTION**

The United States recommends the following regarding restitution.

Defendant defrauded his victims of $97,449,631.39. The victims sued the defendant and others to recover damages. They include entities and individuals. Some are insurance companies; others are referred to as "primary wrongdoers," those whom the victims alleged had some role in enabling the harm. They include individuals, financial institutions, and other entities. Several entities and individuals have settled for more than $90 million. More settlements are expected.

From the settlements, victims have and will be paid. They will not recover the full amount of their losses from the settlements. First, the recovery will be less than $97 million. Second, from the recovery will be taken attorneys fees, receivers fees and other costs. The government understands that the victims may recover about sixty cents on the dollar.

//

Inasmuch as settlements are ongoing, the exact amount of the victims' recoveries is unknown. However, the amounts obtained from insurance companies is known. Accordingly, the government recommends the following.

First, the court should order restitution in the full amount of $97,449,631.39. Next the court should order that the victims be paid first from the restitution in amounts that will make them whole, that is, the difference between the amount they entrusted to Southwest Exchange and the amount they recovered from the civil settlements. Second, the court should order that once the victims are paid, then the insurance companies are paid next. Third, the court should not order that the "primary wrongdoers" are paid from the restitution. The government does not have enough information to make a recommendation regarding repaying the "primary wrongdoers." The "primary wrongdoers" can seek compensation in civil actions from the defendant, if they so desire. Fourth, the court should place the burden on the defendant to notify the court of the total amounts paid from the settlements to the victims. Once that amount is known, the defendant can then ask the court to reduce the restitution amount and accrued interest to reflect the exact amount owed.

As to amounts owed to the victims, the court could include in the order the following:

> The 122 victims identified in Attachment 1 (to be supplied at Sentencing) shall be paid the full amounts stated therein less any amounts disbursed to such victims from settlement funds obtained in Action 07-A-535439-B in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark entitled "*In Re: Receivership of Southwest Exchange, Inc. and Consolidated Litigation*," together with all actions and proceedings joined, consolidated, or coordinated with that action and/or MDL Docket No. 1878, Case No. 2:07-cv-01394-RCJ-(LRL), pending in the United States District Court for the District of Nevada entitled "*In Re: Internal Revenue Service §*

*1031 Tax Deferred Exchange Litigation*," together with all actions and proceedings joined, consolidated, or coordinated therein. Restitution amounts shall be apportioned between and among the Southwest Exchange customers (victims) as set forth on Attachment 1 hereto.  Defendant shall be responsible for providing evidence of proof of distributions to the Southwest Exchange customers to reduce the amount of restitution set forth herein.

As to the amounts owed to the insurance companies, the court could include the following in the order:

The following entities shall be paid the following amounts after the victims are paid, with the total amount paid to these entities equal to $34,763,500:

US Fire Insurance Company – $5,000,000
CAN (Continental Insurance Company) – $3,750,000
Lockton Insurance Brokers, Inc. – $3,325,000
Great American Insurance Company – $5,000,000
Underwriters of Lloyds – $3,900,000
Greenwich Insurance Company – $3,150,000
Federal Insurance Company – $5,000,000
Carolina Casualty – $3,444,000
RSUI Indemnity – $2,194,500

Restitution will not be ordered to the following, who have settled in the amounts specified below.

//
//
//
//
//
//

| | |
|---|---|
| UBS | $23,000,000 |
| David Keyes | $    200,000 |
| Betty Kincaid | $  1,200,000 |
| Citigroup | $26,727,310.90 |
| Brown & Brown | $  8,000,000 |

DATED this 11th day of September, 2009.

        Respectfully submitted,

        GREGORY A. BROWER
        United States Attorney


        /s/ Daniel R. Schiess
        _____
        DANIEL R. SCHIESS
        Assistant United States Attorney

ELECTRONIC CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am an employee of the United States Attorney's Office, District of Nevada, and that on this day an electronic copy of the foregoing RECOMMENDATION OF THE UNITED STATES REGARDING RESTITUTION was electronically served on counsel of record:

Dated this 11th day of September, 2009.

/s/ Pamela J. Mrenak

PAMELA J. MRENAK
Legal Assistant