**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
|                Plaintiff, | ) | Case No.: 2:09-cr-00199-GMN-PAL |
|    vs. | ) | |
| | ) | **ORDER** |
| DONALD MCGHAN, | ) | |
| | ) | |
|                Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Donald McGhan's ("Defendant's") Motion for Downward Departure (ECF No. 61), to which the Government filed a Response (ECF No. 62).

On June 8, 2009, Defendant pled guilty to four counts of wire fraud, in violation of 18 U.S.C. § 1343, pursuant to a Binding Plea Memorandum. (ECF Nos. 8, 9). On September 14, 2009, the Court sentenced Defendant to ten years in custody. (ECF Nos. 18, 22). On October 12, 2016, Defendant filed a Motion for Downward Departure (ECF No. 56), which the Court denied as to that requested relief (ECF No. 59). On June 19, 2017, Defendant filed the instant motion requesting the same relief—the lowering of his sentence from ten years to eight years. (Mot. at 1, ECF No. 61).

Federal Rules of Criminal Procedure ("Rules") 35 and 36 refer to correcting a sentence based on error. Rule 35 requires the correction within fourteen days. Fed. R. Crim. P. 35. While Rule 36 allows for a correction at any time, it requires an error "arising from oversight or omission." Fed. R. Crim. P. 36.

Here, Defendant's motion, like his previously filed motion, comes several years after his sentencing, making Rule 35 inapplicable. Further, Defendant is not requesting the Court to

correct an error, but instead to make a change. The Court lacks jurisdiction to make such change under either applicable Rule. As such, the Court must deny Defendant's motion.

The Court also notes that Defendant's Binding Plea Memorandum stated that the parties agreed to a sentence of ten years, unless the Government moved "for a downward departure pursuant to U.S.S.G. § 5K1.1, and then both parties agree[d] that the sentence [would] be no less than eight (8) years and no more than ten (10) years incarceration." (Binding Plea Mem. ¶ 5, ECF No. 8). While the Government filed a Motion for Downward Departure (ECF No. 15), the Court denied that motion at sentencing (*see* ECF No. 18). Nevertheless, the Court sentenced Defendant to ten years, which was within the sentencing range contemplated by the Binding Plea Memorandum even if the Government filed such a motion. (*See* Binding Plea Mem. ¶ 5); (*see also* Judgment at 2, ECF No. 22).

Accordingly,

 **IT IS HEREBY ORDERED** that Defendant's Motion for Downward Departure (ECF No. 61) is **DENIED**.

**DATED** this _____8_____ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court